IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STANLEY LEE BROWN, JR., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action: 6:24cv00039 |
| THE CITY OF LYNCHBURG, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT CITY OF LYNCHBURG'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant City of Lynchburg, Virginia, by counsel, respectfully submits this memorandum in support of its motion to dismiss.

BACKGROUND

Plaintiffs allege, *inter alia*, that Lynchburg Police Department Officer Garrett Waterman unlawfully searched their body cavities in violation of their Fourth and Fourteenth Amendment rights (Counts 2&9). Plaintiff further alleges that the City of Lynchburg (the "City") is liable for Officer Waterman's unlawful searches because the City maintained an unconstitutional custom or practice of allowing its police officers to engage in such searches (Counts 7&14).

In support of the allegations, Plaintiff recites 19 separate examples—ranging from 2001 to 2022—which allegedly demonstrate the Lynchburg Police Department's unconstitutional custom or practice of ignoring its "facially constitutional policies regarding detention and invasive searches." (Compl., ECF 1 ¶¶ 42, 43(a)-(s).) Out of those 19 examples, only the first four involve allegedly invasive searches, three of which took place in 2020 and one of which took place in 2022, and all four of which involved Officer Waterman. The remaining 15 examples involve alleged uses of excessive force by Lynchburg Police Officers.

1

Plaintiffs' reference to only four alleged invasive searches by one Lynchburg Police Department Officer over the span of two years does not establish the sort of pattern that supports a *Monell* claim against the City for maintaining a custom or practice of allowing invasive searches. There is nothing to support this claim other than Plaintiffs' conclusory allegation that the incidents "demonstrate the [Lynchburg Police Department]'s unconstitutional customs or practices." (*Id.* ¶ 43.) Moreover, Plaintiff made no allegation that there was a finding by any tribunal that the alleged searches violated constitutional rights.

This handful of conclusory allegations is insufficient to support a *Monell* claim against the City. Accordingly, the City should be dismissed from the Complaint.

## ARGUMENT

### I. Standard of Review under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Plaintiffs failed to state a municipal liability claim against the City for Unconstitutional Custom or Practice – Body Cavity Search.

Plaintiffs seek to impute liability to the City for the alleged body cavity searches by Officer Waterman. However, Plaintiffs' conclusory allegations fail to establish a municipal liability claim.

A local government entity cannot be held liable under 42 U.S.C. § 1983 for injuries inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Local governments are only liable for their own illegal acts. Accordingly, to impose liability on a governmental entity, a plaintiff must establish the existence of an official policy or custom that caused the constitutional deprivations. *Id.*

An official policy refers to formal rules or understandings that establish "fixed plans of action to be followed under similar circumstances consistently and over time." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). Such policies "must be contrasted with episodic exercises of discretion in the operational details of government." *Id.* (citations omitted). In limited conditions a government entity can create official policy by making a single decision in response to particular circumstances. However, municipal liability attaches for a single decision

"only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy." *Id.* (citations omitted).

A municipal custom may arise only if a practice is "persistent and widespread," and "permanent and well settled." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). A custom may be attributed to a municipality when the duration and frequency of the unconstitutional practices warrant a finding of either actual or constructive knowledge by the locality that the practices have become customary among its employees. *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987). A policy or custom will not, however, "be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 230 (4th Cir. 1984).

To state a claim for municipal liability, a plaintiff must allege facts, beyond those surrounding her own injury and arrest, which reference actual events demonstrating a policy or custom that was the "moving force" behind the violation at issue. *Id.* at 230-31; *Lanford v. Prince George's County*, 199 F. Supp. 2d 297, 305 (D. Md. 2002); *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (finding the § 1983 claim against the fire department was properly dismissed because the "conclusory allegations of discrimination were not supported by any reference to particular acts, practices or policies of the Fire Department."). Such a claim must be alleged with "factual specificity." *Hixson v. Hutcheson*, 2018 U.S. Dist. LEXIS 130360, at *15 (W.D. Va. 2018). Under these principles, Plaintiffs' Complaint lacks the requisite factual specificity to impose municipal liability on the City.

In support of their allegations in Counts 7 and 14 that the City maintains an unconstitutional custom or practice regarding unlawful and invasive searches by its officers, Plaintiffs recite 19 separate instances in which Lynchburg Police Officers allegedly used

4

excessive force over a span of 20 years. Only four of those 19 instances, however, involved alleged invasive searches, and all four of them were allegedly conducted by Officer Waterman. Three of them allegedly occurred in 2020, and the fourth allegedly occurred in 2022.

There is nothing to support the conclusion that the City maintains an unconstitutional custom or policy of allowing unlawful and invasive searches, other than Plaintiffs' allegation that the incidents demonstrate that the Lynchburg Police Department routinely ignores its facially constitutional policies regarding detention and searches, as well as Plaintiffs' allegation that the City has been "put directly on notice . . . through a series of lawsuits, complaints, press coverage and investigations, but the City has done nothing to end the custom." (Compl. ¶¶ 92, 144.) These vague and conclusory allegations do not reference any particular factual conduct by City officials to support a policy or custom of permitting unlawful and invasive searches during detention.

Moreover, the references to alleged invasive searches lack information to substantiate the outcome of the allegations. It is axiomatic that allegations of previous invasive searches, without more, cannot establish a policy of allowing invasive searches. If the allegations or claims are untrue or unfounded, then there was no invasive search in accordance with an alleged policy. Without one single allegation that there was a finding by any tribunal that the alleged invasive searches violated constitutional rights, Plaintiffs' list is not meaty enough to state a plausible claim that the City had an unconstitutional custom or policy of allowing unlawful and invasive searches.

## CONCLUSION

For the foregoing reasons, Defendant City of Lynchburg respectfully moves for dismissal from the Complaint.

                                CITY OF LYNCHBURG

                                By: /s/ John R. Fitzgerald
                                Jim H. Guynn, Jr. (VSB #22299)
                                John R. Fitzgerald (VSB #98921)
                                GUYNN WADDELL, P.C.
                                415 S. College Avenue
                                Salem, Virginia  24153
                                Phone: 540-387-2320
                                Fax:    540-389-2350
                                Email: jimg@guynnwaddell.com
                                                johnf@guynnwaddell.com
                                *Counsel for City of Lynchburg and*
                                *LPD Officer Garrett Waterman*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
           johnf@guynnwaddell.com
*Counsel for City of Lynchburg and LPD Officer Garrett Waterman*

7