IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STANLEY LEE BROWN, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action: 6:24cv00039 |
| THE CITY OF LYNCHBURG, et al., | ) |
| Defendants. | ) |

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/17/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

## **PROTECTIVE ORDER**

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, with respect to any documents or information produced by Plaintiffs, Defendants, or third parties, pursuant to written request, interrogatory, stipulation, subpoena, motion or deposition, as well as other materials that may be designated by Plaintiffs or Defendants as being confidential (hereinafter referred to as "Confidential Information"), IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE RESPECTIVE PARTIES TO THIS ACTION THAT:

1. It is recognized by the parties that during the course of this litigation the parties and other persons likely to produce documents or information, in any medium, may have a legitimate interest in keeping such documents or information confidential and non-public. The documents or information that the parties anticipate designating as Confidential Information concern the following list of topics: police department procedures, criminal investigations, internal investigations, and/or sensitive personal, personnel, discipline, payroll, and benefits information.

2. The parties agree that either party may designate documents or information as Confidential Information. "Confidential Information" as used in this Order shall mean the documents and information identified in Paragraph 1. Parties will place the legend

1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on confidential documents when the party produces them. Parties will denote Confidential Information in depositions by stating that the information is confidential such that the transcript of the deposition will reflect the beginning and end of the Confidential Information. Parties will denote Confidential Information in answers to interrogatories by placing the legend "CONFIDENTIAL" on the individual answers that contain Confidential Information.

3. Except upon further order of the court or as otherwise provided in this Order or by express written consent of counsel of record for the parties, information designated as "CONFIDENTIAL" shall be used or disclosed by the receiving party solely for the purposes of prosecuting or defending this action and shall not be disclosed to any person other than: (a) members of, attorneys associated with, and employees of the law firms of James River Legal Associates and Guynn Waddell, P.C.; (b) the parties, their staff, and attorneys; (c) independent consultants and experts and their assistants retained for purposes of this action; (d) any deponent or witness to the extent reasonably necessary to develop his or her testimony fully; (e) any court reporter or typist recording or transcribing testimony in this action to the extent such document is made or proffered as part of the record of such testimony; and (f) the court.

4. Except upon further order of the court or as otherwise provided in this Order or by express written consent of counsel of record for the parties, information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to: (a) members of, attorneys associated with, and employees of the law firms of James River Legal Associates and Guynn Waddell, P.C.; (b) independent consultants and experts and their assistants retained for purposes of this action; (c) any deponent or witness to the extent reasonably necessary to develop his or her testimony fully; (d) any court reporter or typist recording or transcribing testimony in this action

to the extent such document is made or proffered as part of the record of such testimony; and (e) the court.

     5.    The parties shall inform each recipient of any Confidential Information that: (a) the recipient shall exercise all practicable efforts to maintain its confidentiality and, shall not make copies, except as provided herein; (b) the Confidential Information shall be used solely for the purposes of this action; and (c) they are subject to the terms of Paragraph 6 below. Nothing in this Order shall prevent the copying and use of any Confidential Information in the prosecution and defense of this action, and any request to seal documents filed with the court shall be made in accordance with Local Rule 9. When submitting a motion to seal to the court, a party must file an unsealed written motion containing (a) a generic, non-confidential identification of the document to be sealed; (b) the basis upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and (c) the duration for which sealing is requested. The party must also file with the motion a proposed unsealed order granting the motion and setting forth the bases for the Court's action. The documents proposed to be sealed shall be filed with the Clerk in a sealed envelope with a cover label bearing the caption of this action and containing the following notice referring to this Order: MOTION TO SEAL PURSUANT TO PROTECTIVE ORDER DATED <u>SEPTEMBER 17TH</u>, 2024.

     6.    If requested, no later than thirty days after the conclusion of this action, including any appeals, all Confidential Information, and all copies thereof which are not in the custody of the court, shall be returned from the party, consultant and/or expert in possession of the Confidential Information to the party which produced it or on whose behalf it was furnished, or it shall be destroyed by the party in possession thereof.

     7.    The restrictions on disclosure set forth in this Order shall not apply to information that was, is, or becomes public knowledge by legal means not in violation of this Order.

8. Any party may at any time request, in writing, the release of any Confidential Information from the requirements of this Order. Such materials shall be deemed so released unless, within fifteen working days of receipt of such request, counsel for the other party makes a good faith objection in writing to the release of such documents based on counsel's reasonable belief that such contain or reflect Confidential Information. Even when a party challenges a Confidential designation, the burden of proving the necessity of the Confidential designation remains with the party asserting confidentiality.

9. This Order shall be without prejudice to the right of any party or the respondent to a subpoena *duces tecum* to bring before the court any question regarding (a) whether a document does or does not contain Confidential Information; (b) whether a document is or is not relevant to any issue in this case, provided that the party complied with the procedures set forth herein; or (c) whether production of a document will result in undue prejudice or hardship to the party seeking the release of such information. No party, by agreeing to entry of this Order, concedes that any documents classified as Confidential or claimed to reflect Confidential Information do, in fact, contain or reflect Confidential Information.

10. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that information or to prevent any party from interposing any otherwise valid objection to any request for discovery.

11. Nothing contained in this Order shall be construed to limit any party in conducting discovery with respect to Confidential Information or using at trial any Confidential Information in any manner otherwise permissible by law.

12. The parties reserve all rights to apply to the court for an order (a) modifying this Order, (b) seeking further protection against discovery or other use of Confidential Information or documents reflecting Confidential Information, or (c) seeking further production, discovery,

disclosure, or use of claimed Confidential Information or documents claimed to contain Confidential Information

ENTER this 17th day of September, 2024.

                                                    Honorable C. Kailani Memmer
                                                  United States Magistrate Judge