IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STANLEY LEE BROWN, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action: 6:24cv00039 |
| ) | |
| THE CITY OF LYNCHBURG, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT OFFICER WATERMAN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant LPD Officer Garrett Waterman, by counsel, respectfully submits this memorandum in support of his motion to dismiss.

### BACKGROUND

Plaintiffs allege, *inter alia*, that Officer Waterman unlawfully searched their body cavities and used excessive force against them in violation of their Fourth and Fourteenth Amendment rights during the course of a traffic stop and subsequent detention on May 19, 2023. For those same alleged acts by Officer Waterman, Plaintiffs also allege common law claims of intentional infliction of emotional distress ("IIED"). However, Plaintiffs' vague allegations of emotional harm are insufficient to support their IIED claims. Regardless, IIED is a claim "alleging injury to the mind or emotions in the absence of accompanying physical injury." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 370 (2008). In other words, it is a nontactile tort. *Ruth v. Fletcher*, 237 Va. 366, 372 (1989). Thus, Plaintiffs' allegations of emotional harm accompanying physical injuries caused by Officer Waterman's alleged body cavity searches and uses of excessive force cannot serve as the basis for an IIED claim. Accordingly, Counts 5 and 12 ought to be dismissed from the Complaint.

1

ARGUMENT

I. **Standard of Review under Rule 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co*., 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp*., 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**II. Plaintiffs failed to state sufficient allegations to support their IIED claims, and regardless, IIED is a nontactile tort and thus does not apply.**

To state a claim for IIED, a plaintiff must allege facts to show the defendant's conduct was (1) intentional or reckless; (2) outrageous and intolerable; (3) that it caused him emotional distress; and (4) that the emotional distress is severe. *Russo v. White*, 241 Va. 23, 26 (1991). The behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. IIED claims are disfavored in Virginia and require proof by clear and convincing evidence. *Burnopp v. Carter Bank & Trust*, 2020 U.S. Dist. LEXIS 219157, at *5 (W.D. Va. Nov. 23, 2020). Each element must be pled with specificity. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 136 (2000).

Plaintiffs' vague allegations of "extreme emotional distress in the form of excruciating pain, torment and fear" (Compl. ¶¶ 77, 129) are insufficient to show the requisite specific, severe emotional injury to advance his claim. *See Cole v. Oakey*, 101 Va. Cir. 288, 294 (Roanoke City Cir. Ct. 2019) (allegations of, *inter alia*, drug relapse, depression and anxiety, recurring nightmares, suicidal thoughts, and extensive therapy were insufficient to establish the requisite severe emotional distress for an IIED claim). Accordingly, Plaintiffs failed to state claims for IIED.

Even if Plaintiffs had sufficiently alleged the requisite specific, severe emotional injury to state IIED claims, IIED is not an appropriate vehicle to address the tactile wrongs allegedly executed by Officer Waterman. The Supreme Court of Virginia has recognized that this claim is disfavored "because there are inherent problems in proving a claim alleging injury to the mind or emotions *in the absence of accompanying physical injury*." *SuperValu, Inc.*, 276 Va. at 370 (emphasis added).

Here, Plaintiffs improperly conflate their damages resulting from the alleged intrusive searches and uses of excessive force with separate causes of action for those same damages. A claim for IIED seeks "liability in tort for a *nontactile wrong*." *Ruth*, 237 Va. at 372 (emphasis added). Plaintiffs' allegations of emotional distress accompanying the physical pain of an intrusive body cavity search do not fall under the IIED umbrella under Virginia law. To hold otherwise would allow Plaintiffs impermissible double recovery for the same alleged damages. Accordingly, Plaintiffs' IIED claims in Counts 5 and 12 of the Complaint ought to be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant LPD Officer Garrett Waterman respectfully moves for dismissal of Counts 5 and 12 from the Complaint.

                OFFICER GARRETT WATERMAN

                By: /s/ John R. Fitzgerald
                Jim H. Guynn, Jr. (VSB #22299)
                John R. Fitzgerald (VSB #98921)
                GUYNN WADDELL, P.C.
                415 S. College Avenue
                Salem, Virginia 24153
                Phone: 540-387-2320
                Fax:   540-389-2350
                Email: jimg@guynnwaddell.com
                          johnf@guynnwaddell.com
                *Counsel for City of Lynchburg and*
                *LPD Officer Garrett Waterman*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
         johnf@guynnwaddell.com
*Counsel for City of Lynchburg and LPD Officer Garrett Waterman*