IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STANLEY LEE BROWN, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action: 6:24cv00039 |
| ) | |
| THE CITY OF LYNCHBURG, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICERS JOYNER, SHELTON, AND WALLACE'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant LPD Officers Ciarra D. Joyner, Raymond Shelton, and Keelan Wallace, by counsel, respectfully submit this memorandum in support of their motion to dismiss the Amended Complaint (ECF 19).

STATEMENT OF THE CASE

Plaintiffs Stanley Lee Brown, Jr. ("Brown") and Da'Quan Hunt ("Hunt") claim pursuant to 42 U.S.C. § 1983 that Lynchburg Police Department ("LPD") Officer Garrett Waterman ("Officer Waterman") unlawfully seized them, unlawfully searched their body cavities and Brown's vehicle, and used excessive force against them in violation of their Fourth and Fourteenth Amendment rights (Counts 1-3, 8-10, 15) during the course of a traffic stop and subsequent detention on May 19, 2023. Plaintiffs further claim that Officer Waterman assaulted and battered them and intentionally inflicted emotion distress upon them in violation of Virginia common law (Counts 5-6, 12-13) by his actions during the traffic stop.

Additionally, Plaintiffs claim that LPD Officers Joyner, Shelton, and Wallace are liable for "acting jointly and in concert" with Officer Waterman during the alleged unlawful seizure, unlawful searches, excessive force, and assault and battery (Counts 1-3, 6, 8-10, 13), as well as

1

for failure to intervene in the alleged constitutional violations by Officer Waterman, under a theory of bystander liability (Counts 4 and 11).

Specifically with respect to Officer Wallace, Plaintiffs allege that he responded to Officer Waterman's traffic stop and instructed Hunt to exit the vehicle and patted him down without consent or reasonable suspicion that he was armed. They allege further that Officer Wallace asked Brown for consent to search his vehicle and, when consent was denied, conducted an open air sniff of the vehicle with his police canine at the request of Officer Waterman. Plaintiffs allege further that Officer Wallace falsely claimed that the police canine had alerted to the odor of narcotics contraband on Brown's vehicle. They allege that Officer Wallace then placed Hunt in handcuffs.

With respect to Officers Joyner and Shelton, Plaintiffs allege merely that they responded to the scene and were present and acquiescent when Officers Waterman and Wallace performed their searches of Plaintiffs and the vehicle.

Plaintiffs fail to assert sufficient factual allegations against Officers Joyner and Shelton to state any claims against them. These officers are not alleged to have seized—or actively participated in the seizure of—Plaintiffs, searched their body cavities or the vehicle, or used any force or touching against them whatsoever. While they were alleged to have been present during the searches and seizures, the allegations that they knowingly chose not to intervene in constitutional violations are conclusory in nature. Accordingly, these officers should be dismissed from the Amended Complaint.

Similarly, Plaintiffs fail to assert sufficient factual allegations against Officer Wallace to state claims of unlawful body cavity search, excessive force, or assault and battery of Brown. While Officer Wallace is alleged to have falsely claimed the police canine alerted on the vehicle

in order to justify the Plaintiffs' detention and search of the vehicle, he is not alleged to have searched Plaintiffs' body cavities. Moreover, any allegation that he chose not to intervene in Officer Waterman's alleged unconstitutional body cavity searches are conclusory in nature. While Officer Wallace is alleged to have patted down Hunt without consent or reasonable suspicion, he is not alleged to have touched Brown or used any force whatsoever against either of the Plaintiffs. Accordingly, only the claims of unlawful seizure, unlawful search of the vehicle, and assault and battery of Hunt can survive as to Officer Wallace.

## ARGUMENT

### I.     Standard of Review under Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

A court should construe factual allegations in the nonmoving party's favor and will treat them as true, but is "not so bound with respect to [the complaint's] legal conclusions." *Dist. 28, United Mine Workers, Inc. v. Wellmore Coal Corp*., 609 F.2d 1083, 1085 (4th Cir. 1979). Indeed, a court will accept neither "legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order for a plaintiff's claims to survive dismissal, he must allege facts sufficient to state all the elements of his claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). A plaintiff must provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Plaintiffs' allegations do not establish that Officers Joyner and Shelton acted personally to deprive them of their constitutional rights.

To assert liability under § 1983, Plaintiffs must affirmatively demonstrate that each defendant acted personally to deprive them of their constitutional rights. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). With respect to the claims of unlawful seizure, unlawful body cavity search, excessive force, unlawful search of the vehicle, and assault and battery, Plaintiffs have failed to demonstrate that Officers Joyner and Shelton acted personally to violate their constitutional rights.

Plaintiffs have merely alleged that Officers Joyner and Shelton responded to Officer Waterman's traffic stop and were present and acquiescent when Officer Waterman performed his searches. While Plaintiffs make the conclusory assertion that these officers acted "jointly and in concert" with, or "aided and abetted" Officer Waterman, these are mere conclusory allegations unsupported by facts. Without any allegations to establish Officers Joyner and Shelton acted personally to violate Plaintiffs' constitutional rights, the unlawful seizure, unlawful body cavity search, excessive force, unlawful search of the vehicle, and assault and battery claims should be dismissed as to these officers.

### III. Plaintiffs fail to state claims against Officer Wallace of unlawful body cavity search, excessive force, or assault and battery.

As an initial matter,

> [t]he Supreme Court has held that a drug-dog sniff is not a "search" as that term is used in the Fourth Amendment. *United States v. Place,* 462 U.S. 696, 706-07, 103 S. Ct. 2637, 77 L. Ed. 2d 110 (1983). In order to perform the sniff, however, "there must be a seizure of the vehicle and, therefore, the person, requiring either consent to be detained or reasonable suspicion." *Foreman,* 369 F.3d at 781.

*United States v. Farrior*, 535 F.3d 210, 217 (4th Cir. 2008). Thus, Officer Wallace's alleged "dog sniff" of Brown's vehicle was not a "search" under the Fourth Amendment. That being said, the allegation that Officer Wallace falsely reported that the dog alerted to the odor of narcotics in Brown's vehicle in order to justify the detention of Plaintiffs and search of the vehicle is arguably enough to state joint liability claims against Officer Wallace of unlawful seizure of Plaintiffs and unlawful search of the vehicle.

However, there are no factual allegations to support the conclusory allegations that Officer Wallace is jointly liable for Officer Waterman's alleged unlawful body cavity searches of, alleged excessive force against, or assault and battery of Plaintiffs. The only plaintiff that Officer Wallace is even alleged to have touched is Hunt, and that touching was merely patting him down for weapons and placing him in handcuffs. Accordingly, the claims of unlawful body cavity search, excessive force, and assault and battery should be dismissed as to Officer Wallace.

### IV. The bystander liability claims should be dismissed as to all defendants.

An officer may be held liable under § 1983 on a theory of bystander liability only if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *Randall v. Prince George's County*, 302 F.3d 188, 204 (4th Cir. 2002).

5

While Plaintiffs do allege in conclusory fashion that Officers Joyner, Shelton, and Wallace knew their fellow officers were violating Plaintiffs' constitutional rights, had a reasonable opportunity to prevent the harm, and chose not to act, they track the elements of the bystander liability cause of action verbatim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There are simply no factual allegations against any of these officers that would indicate any of them knew that Officer Waterman—or any other officer at the scene, for that matter—was violating Plaintiffs' constitutional rights, much less that any of them had a reasonable opportunity to prevent the alleged harm.

For instance, if Officer Waterman had in fact searched Plaintiffs' body cavities, the other officers would have no way of knowing that in enough time to prevent it. Or, if Officer Wallace had in fact falsely reported that the police canine alerted on the vehicle, the other officers could not know that unless Officer Wallace had told them. Merely alleging that the officers were present at the scene and did not intervene in their fellow officers' performance of their duties is not sufficient to state a claim of bystander liability. Accordingly, these claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant LPD Officers Ciarra D. Joyner, Raymond Shelton, and Keelan Wallace respectfully move this Court to dismiss the claims as detailed in this memorandum from the Amended Complaint.

        CIARRA D. JOYNER, RAYMOND SHELTON, and KEELAN WALLACE

By: /s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
          johnf@guynnwaddell.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia 24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
          johnf@guynnwaddell.com
*Counsel for Defendants*