CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/5/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| STANLEY LEE BROWN, JR. ET AL. <br> *Plaintiffs*, <br> v. <br> THE CITY OF LYNCHBURG, ET AL. <br> *Defendants.* | CASE NO. 6:24-cv-00039 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Plaintiffs Stanley Lee Brown, Jr. ("Brown") and Da'Quan Hunt ("Hunt") have filed a Complaint asserting claims under 42 U.S.C. § 1983 for excessive force as well as common law civil claims for Intentional Infliction of Emotional Distress ("IIED") and Assault and Battery. The Amended Complaint (Dkt. 19) names as defendants the City of Lynchburg (the "City"), Lynchburg Police Department Officers Garrett Waterman, Ciarra D. Joyner, Raymond Shelton and Keelan Wallace as well as Officers John Does 1-10 and Virginia State Trooper John Roe.[1] The City moves to dismiss Plaintiffs' claims for Unconstitutional Custom or Practice (Counts Seven and Fourteen) and Officer Waterman moves to dismiss the counts against him for IIED (Counts Five and Twelve). For the reasons set forth below, the Motion to Dismiss Counts Seven and Fourteen will be denied, and the Motion to Dismiss Counts Five and Twelve will be granted.

## Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir.

[1] Virginia State Trooper John Roe has been dismissed from the action for lack of service. Dkt. 32. Defendants Joyner, Shelton and Wallace have filed motions to dismiss that are not yet fully briefed. Dkt. 42.

2019). It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). In ruling on a motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 212.

Background

Brown and Hunt seek to recover damages arising from injuries sustained during a police encounter on or about May 19, 2023. *See* Dkt. 19 (First Amended Complaint). On that day, Brown was driving a vehicle with Hunt in the passenger seat in the area of Kemper and 12th Streets in Lynchburg, Virginia. *Id.* ¶ 15. Officer Waterman, having "only a reasonable suspicion that Brown had committed a minor traffic infraction," signaled Brown to pull over by activating the blue emergency lights on his patrol car. *Id.* ¶¶ 16, 17. Brown pulled over in the parking lot of the Dash Foodmarket. *Id.* ¶18. Defendants Joyner, Wallace, Shelton, and John Does 1-10 responded to the scene. *Id.* ¶ 19. Officer Waterman approached the driver's window of the vehicle, addressing Brown by name, and Brown complained that the stop was unlawful. *Id.* ¶¶ 23, 24. Waterman told Brown that he was stopped for a registration violation. *Id.* ¶ 25. Brown explained that he could not produce the registration information because he had recently purchased the car and had left the registration at home. *Id.* ¶ 26.

Officers Joyner and Wallace approached the passenger side of the vehicle as Waterman talked with Brown on the driver's side. *Id.* ¶ 27. Waterman ordered Brown out of the vehicle while he communicated the vehicle's identification number to dispatch for a records check. *Id.* ¶ 28. As Brown exited the vehicle, Waterman searched a pack of Brown's cigarettes. *Id.* ¶ 29. Brown consented to Waterman's request to conduct a pat-down for weapons. *Id.* ¶ 32. After patting Brown down, Waterman "drove his hand through Brown's clothing, into Brown's gluteal

cleft, and penetrated Brown's anus with a finger." *Id.* ¶ *36.* Brown loudly complained that Waterman had sexually assaulted him, but none of the officers reacted. *Id.* ¶ 37. Meanwhile, Officer Wallace instructed Hunt to exit the passenger's side of the vehicle and patted him down. *Id.* ¶¶ 33, 34.

Waterman whispered to Wallace that Brown was a "target," and asked Wallace to have the police dog attempt to detect drugs in the vehicle. *Id.* ¶ 38. Wallace asked Waterman if Brown had consented to a search of the vehicle; Waterman replied that he had not. *Id.* ¶ 39. Wallace asked Brown for consent to search the vehicle, which Brown refused. *Id.* ¶ 41. Wallace retrieved the police dog and directed it toward the vehicle, but the dog showed no interest. *Id.* ¶¶ 42- 43. Wallace then dragged the dog around the perimeter of the vehicle, directing the dog to sniff the exterior. *Id.* ¶ 44. The dog sniffed the entire exterior of the vehicle in a complete circle without reacting. *Id.* ¶ 45. Wallace yelled an additional command, and as the dog reached the driver's door of the vehicle, it quit sniffing the vehicle and sat down. *Id.* ¶ 46. Wallace told Waterman that the dog had detected unspecified narcotics in the vehicle. *Id.* 47. Brown and Hunt were then handcuffed. *Id.* ¶ 48.

Waterman moved Hunt away from the others and asked for consent to search him; Hunt refused. *Id.* ¶52. Waterman walked Hunt back to the car, placed him against the vehicle and ran his ungloved hand through Hunt's gluteal cleft from the outside of Hunt's shorts and touched his anus and testicles through Hunt's underwear, stating "It's not comfortable for me, either." *Id.* ¶¶ 53-55. Joyner witnessed this incident and did not react. *Id.* ¶ 56.

Waterman then conducted a fruitless search of the stopped vehicle. *Id.* ¶¶ 59-60. Waterman retrieved Brown from the patrol car and walked him in handcuffs back to the stopped vehicle. *Id.* ¶¶ 60-62. Waterman pushed Brown against the vehicle and warned him: "Don't

flinch! Do not flinch. I'm going to do a swipe of your butt, alright?" *Id.* Waterman then, for a second time, ran "his ungloved hand through Brown's gluteal cleft and . . . grabb[ed] each of Brown's testicles through Brown's clothing before penetrating Brown's anus with his finger through his clothing." *Id.* ¶ 63. Brown demanded that Waterman stop but Waterman refused; instead, Waterman continued, telling Brown not to "flinch," to stop "wailing away like a child," and to "stand there and be quiet." *Id.* ¶¶ 64-65, 67, 70.

The Officers present heard Brown's protests and Waterman's statements and none acted. *Id.* ¶¶ 66, 68. Brown and Hunt were handcuffed and detained for nearly half an hour. *Id.* ¶ 76. Eventually, Brown and Hunt were released and the officers left the scene without issuing a summons. *Id.* ¶¶ 77.

## Discussion

### I. Counts Against the City for Unconstitutional Custom or Practice

Municipal corporations such as the City are not vicariously liable under 42 U.S.C. § 1983 for the actions of employees under a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, liability attaches to the municipality directly only in cases where the municipality causes the deprivation of rights "through an official policy or custom." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal citation omitted). In Counts Seven and Fourteen, Plaintiffs allege that the City maintains an unconstitutional custom or practice of allowing invasive searches. The City moves to dismiss these counts, arguing that Plaintiffs have not alleged sufficient facts to support these claims. Dkt. 23 p. 2.

Where a plaintiff seeks to establish liability based on an unconstitutional municipal custom, they must demonstrate that such practices are "so frequent in occurrence that actual or constructive knowledge is implied." *Jackson v. Brickey*, 771 F. Supp. 2d 593, 604 (W.D. Va.

2011) (citing *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997)). A court may infer that a custom exists "from continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees" but not "merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Milligan v. City of Newport News*, 743 F.2d 227, 229–30 (4th Cir. 1984) (emphasis added). The "duration and frequency" of the constitutional deprivations must establish that policymakers (1) had actual or constructive knowledge of the conduct and (2) failed to stop or correct it due to their "deliberate indifference." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1386-91 (4th Cir. 1987) (internal quotation marks omitted)). The custom "must be of such a character that municipal employees could reasonably infer from it tacit approval of the conduct in issue." *Milligan*, 743 F.2d at 230. Specifically, constitutional violations must be specific and similar enough that a municipality's indifference to them could be seen as a "deliberate choice." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (requiring a "close fit" between the unconstitutional policy and constitutional violation").

Plaintiffs contend that the Lynchburg Police Department maintains facially constitutional policies with regard to strip searches and body cavity searches but that these policies are routinely ignored in custom and practice. Dkt. 19 ¶¶ 78, 126. Plaintiffs list nineteen examples of such unconstitutional customs or practices occurring between 2001 and 2022 and allege that by the pattern of conduct described, “LPD officers in general (and Waterman in particular) routinely engage in body cavity and strip searches that violate the official written policies.” *Id.* ¶¶ 79(a)-(s); 127. Of the nineteen examples, four over the span of two years involve what plaintiffs characterize as “sexual assault,” and all four of those examples involve Officer Waterman:

> On June 27, 2020 Waterman unlawfully searched and sexually assaulted Shanta Orlando Hubbard after stopping a vehicle for a traffic infraction and after conducting a frisk in a manner similar to the way that Waterman sexually assaulted Hunt and Brown.
>
> On July 20, 2020, after stopping Jaquan Goode for "squealing tires," Waterman unlawfully detained and sexually assaulted Goode in a manner similar to the way that Waterman sexually assaulted Hunt and Brown.
>
> On September 29, 2020, after stopping Khalik Jamal Braxton (then a sergeant in the U.S. Army) for a suspected minor window tint infraction, Waterman sexually assaulted Braxton in a manner similar to the way that Waterman sexually assaulted Hunt and Brown.
>
> On May 26, 2022, Waterman sexually assaulted Douglas Jerome Thomas, Jr. by touching his genitals after stopping a vehicle for a traffic infraction and after conducting a frisk in a manner similar to the way that Waterman sexually assaulted Hunt and Brown.

*Id.* ¶ 79(a)-(d). The other cited examples involve use of pepper spray, tasers and canines, and general use of excessive force. *See Id.* ¶ 79(e)-(s).

Plaintiffs assert that the City has been put directly on notice of the existence and extent of the allegedly unconstitutional custom through a series of lawsuits, complaints, press coverage and investigations, but the City has done nothing to end the custom. *Id.* ¶ 130. The City argues that Plaintiffs' reference to only four alleged invasive searches by one LPD officer over the span of two years does not establish the sort of pattern that supports a *Monell* claim against the City for maintaining a custom or practice of unconstitutionally invasive searches. Dkt. 23 at 2. The City also contends that Plaintiffs' allegations are vague and conclusory and do not reference any particular factual conduct by City officials. *Id.* at 5.

The question at this stage of the litigation is whether the Complaint has adequately alleged that the conduct of the City amounted to a persistent and widespread practice of indifference so as to give rise to a custom or policy of condonation or tacit authorization. *Jones v. Chapman*¸ 2015 U.S. Dist. LEXIS 96562, *42 (D. Md. 2015) (citing *Owens*, 767 F.3d at 402). As the Fourth Circuit has noted, "[a]lthough prevailing on the merits of a *Monell* claim is

difficult, simply alleging such a claim is, by definition, easier." *Owens*, 767 F.3d at 403. "The recitation of facts need not be particularly detailed, and the chance of success need not be particularly high." *Id.* Instead, the facts alleged, if true, must merely state a plausible claim. *Id.* (citing *Iqbal*, 556 U.S. at 678).

Here, although Plaintiffs' *Monell* claim based on a custom or policy of indifference to unconstitutional acts may not ultimately prevail, the facts alleged are sufficient to survive the Motion to Dismiss. Plaintiffs have described four examples of invasive body cavity searches, and they have alleged that the City is aware of these practices but has done nothing to stop them. These allegations, if true, are enough to state a plausible claim that the City has caused the deprivation of rights by condoning a persistent and widespread practice of unconstitutional conduct. Accordingly, Plaintiffs' 42 U.S.C. § 1983 claims based on an unconstitutional custom or policy survive the motion to dismiss.

## II. **Counts against Officer Waterman for Intentional Infliction of Emotional Distress.**

IIED claims are inapplicable to the conduct alleged here, which is in the nature of assault and battery or excessive force. Rather, IIED is a form of "liability in tort for a nontactile wrong which resulted in physical injury." *Ruth v. Fletcher*, 237 Va. 366, 377 S.E.2d 412, 415, 5 (1989); *see also Russo v. White*, 241 Va. 23, 400 S.E.2d 160, 162, (1991). Plaintiffs do not plead injury and distress from a nontactile tort, but rather expressly allege the tactile torts of assault and battery. Accordingly, the Court will grant Officer Waterman's motion to dismiss Plaintiffs' IIED claims in Counts Five and Twelve.

## Conclusion

For the foregoing reasons, the Motion to Dismiss Counts Seven and Fourteen will be denied and the Motion to Dismiss Counts Five and Twelve will be granted.

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this 5th day of February, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE