IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STANLEY LEE BROWN, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action: 6:24cv00039 |
| | ) |
| THE CITY OF LYNCHBURG, et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant, LPD Officer Keelan Wallace ("Defendant"), by counsel, answers the Amended Complaint as follows:

1. Paragraphs 1-4 are statements of law to which no response is required. To the extent a response is required, Defendant admits that jurisdiction and venue is correct in the Lynchburg Division of the United States District Court for the Western District of Virginia. Defendant denies that this Court has jurisdiction over the state law claims standing alone.

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 5-6.

3. Defendant admits the allegations contained in paragraphs 7-11.

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 12-13.

5. Defendant denies the allegation contained in paragraph 14.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 15-16.

7. Paragraph 17 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 18.

9. Defendant admits the allegation contained in paragraph 19 as it pertains to him.

10. Paragraphs 20-21 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

11. Defendant admits the allegation contained in paragraph 22.

12. Paragraph 23 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

13. Defendant admits that Brown protested the stop but denies the characterization of that protest contained in paragraph 24.

14. Paragraph 25 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

15. Defendant denies the allegation contained in paragraph 26.

16. Defendant admits the allegation contained in paragraph 27 as it pertains to him.

17. Paragraphs 28-29 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

18. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 30.

19. Paragraphs 31-32 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

20. Defendant admits the allegation contained in paragraph 33.

21. Defendant denies the allegation contained in paragraph 34.

22. Defendant admits the allegation contained in paragraph 35.

23. Paragraph 36 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

24. Defendant denies the allegations contained in paragraphs 37-40.

25. Defendant admits the allegation contained in paragraph 41.

26. Defendant denies the allegations contained in paragraphs 42-47.

27. Defendant admits the allegation contained in paragraph 48.

28. Paragraph 49 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

29. Defendant admits the allegation contained in paragraph 50.

30. Defendant denies the allegation contained in paragraph 51.

31. Paragraphs 52-57 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

32. Defendant denies the allegation contained in paragraph 58.

33. Paragraphs 59-65 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

34. Defendant denies the allegation contained in paragraph 66.

35. Paragraph 67 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

36. Defendant denies the allegations contained in paragraphs 68-69.

37. Paragraph 70 contains allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

38. Defendant denies the allegations contained in paragraphs 71-73.

39. Paragraphs 74-75 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

40. Defendant denies the allegations contained in paragraphs 76-77.

41. Paragraphs 78-79 contain allegations that do not pertain to Defendant and therefore he is not required to respond to those allegations.

42. In response to paragraph 80, Defendant incorporates his responses to the preceding paragraphs.

43. Defendant denies the allegations contained in paragraphs 81-86.

44. Paragraph 87 is a statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 87.

45. Paragraphs 88-111 pertain to claims that were dismissed as to Defendant by the Court's Order dated April 24, 2025 (ECF 51). Therefore, no response is required.

46. Paragraphs 112-117 pertain to a claim that is not directed at Defendant and therefore he is not required to respond to those paragraphs.

47. Paragraphs 118-124 pertain to a claim that was dismissed as to Defendant by the Court's Order dated April 24, 2025 (ECF 51). Therefore, no response is required.

48. Paragraphs 125-132 pertain to a claim that is not directed at Defendant and therefore he is not required to respond to those paragraphs.

49. In response to paragraph 133, Defendant incorporates his responses to the preceding paragraphs.

50. Defendant denies the allegations contained in paragraphs 134-137.

51. Paragraph 138 is a statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 138.

52. Defendant denies the allegation contained in paragraph 139.

53. Paragraphs 140-163 pertain to claims that were dismissed as to Defendant by the Court's Order dated April 24, 2025 (ECF 51).  Therefore, no response is required.

54. Paragraphs 164-169 pertain to a claim that is not directed at Defendant and therefore he is not required to respond to those paragraphs.

55. Paragraphs 170-176 pertain to a claim that was dismissed as to Defendant by the Court's Order dated April 24, 2025 (ECF 51).  Therefore, no response is required.

56. Paragraphs 177-184 pertain to a claim that is not directed at Defendant and therefore he is not required to respond to those paragraphs.

57. In response to paragraph 185, Defendant incorporates his responses to the preceding paragraphs.

58. Paragraph 186 is a statement of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 186.

59. Defendant denies the allegations contained in paragraphs 187-188.

60. Defendant denies all allegations not expressly admitted herein.

61. Defendant denies that he is indebted or liable to the Plaintiffs for the amounts or reasons set forth in the Amended Complaint or any other amounts or reasons whatsoever.

62. Defendant is immune from suit or damages by the doctrines of sovereign, governmental, and/or qualified immunity.

OFFICER KEELAN WALLACE

By: /s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            johnf@guynnwaddell.com
*Counsel for Defendants City of Lynchburg, Waterman, and Wallace*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

M. Paul Valois
James River Legal Associates
7601 Timberlake Road
Lynchburg, VA 24502
Phone: (434) 845-4529
Fax: (434) 845-8536
Email: mvalois@vbclegal.com
*Counsel for Plaintiffs*

/s/ John R. Fitzgerald
Jim H. Guynn, Jr. (VSB #22299)
John R. Fitzgerald (VSB #98921)
GUYNN WADDELL, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
            johnf@guynnwaddell.com
*Counsel for Defendants City of Lynchburg, Waterman, and Wallace*